IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DAWUD C.S. GABRIEL,

      Plaintiff,

v.                                                 No. 22-2126-JWB

TRANS AM TRUCKING COMPANY,

      Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on Plaintiff's complaint and amended complaint (Docs. 1, 6), Plaintiff's motion to vacate the court's April 13, 2022 order (Doc. 8), and Plaintiff's motion to vacate the magistrate judge's May 23, 2022 order (Doc. 11.)  For the reasons stated herein, the court sua sponte finds that Plaintiff has failed to file a complaint that complies with Fed. R. Civ. P. 8(a).  Based on that failure, the court will dismiss the action without prejudice to refiling.

**I. Background**

Plaintiff initiated this action by filing a 195-page complaint on April 5, 2022, together with over 100 pages of attachments.  (Doc. 1.)  On April 13, 2022, the court found the complaint did not comply with the requirement in Fed. R. Civ. P. 8(a) that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief."  (Doc. 5 at 2.)  Because of that fact and the failure of the complaint to otherwise give fair notice of the claims and the facts supporting a claim for relief, the court granted Plaintiff thirty days to file a complaint that complied with Rule 8(a) and warned that if Plaintiff failed to do so, "the court will strike the complaint and dismiss the action for failure to comply with Rule 8(a)."  (*Id.*)

Plaintiff responded by filing a 190-page amended complaint and a similar batch of attachments.  (Doc. 6.)  Plaintiff thereafter filed a motion to vacate the prior order and to recuse the undersigned judge.  (Doc. 8.)  Plaintiff then filed a motion for extension of time to complete service and to amend his complaint.  (Doc. 9.)  The magistrate judge denied that motion without prejudice on May 23, 2022.  (Doc. 10.)  Plaintiff responded by filing a motion to vacate the magistrate judge's order.  (Doc. 11.)

**II.  Analysis**

**A.  Recusal**

Plaintiff moves to recuse the undersigned judge pursuant to 28 U.S.C. §§ 144 and 455(a). (Doc. 11 at 10.)  He alleges the complaint asserted "an untold amount [of] unlawful employment practices by the Defendant" and estimates damages from these claims to be at least $300 million. (*Id.*)  Plaintiff alleges that "[b]ecause of the value of this matter, [the undersigned judge] lacks Impartiality because of his pervasive bias and/or prejudice against me," as evidenced by the court "falsely stating that the original complaint … failed to comply with Fed. R. Civ. P. 8(a)."  (*Id.* at 11.)

As the Tenth Circuit has summarized:

> Disqualification is required both when a judge has "a personal bias or prejudice" against a party, § 144; *see also* § 455(b)(1) (same), or when presiding over the case would create an appearance of bias, see § 455(a). Recusal for an appearance of bias is required when "sufficient factual grounds exist to cause an objective observer reasonably to question the judge's impartiality." [*United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).] The party seeking a judge's disqualification must show that "a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *Id*. at 993 (internal quotation marks omitted). Because this standard is an objective one, "[t]he inquiry is limited to outward manifestations and reasonable inferences drawn therefrom." *Id*.

*United States v. Walker*, 838 F. App'x 333, 337 (10th Cir. 2020).  Plaintiff fails to show any basis for recusal under these standards.  Plaintiff bases the allegation of bias on the court's conclusion

2

that his complaint failed to comply with Rule 8(a), but '"judicial rulings alone almost never constitute a valid basis for a bias or partiality motion,' and when, as here, the movant does not allege an extrajudicial source of bias, adverse rulings rarely 'evidence the degree of favoritism or antagonism required' to disqualify the judge." *Id*. at 337 (quoting *Liteky v. United States*, 510 U.S. 540, 555 (1994)).   The court harbors no personal bias or prejudice against Plaintiff, and no objective basis for recusal has been shown.

### B.  Rule 8(a)

It is apparent that Plaintiff disagrees with the court's conclusion that his complaint fails to comply with Rule 8(a).  Nevertheless, Plaintiff is required to comply with the Federal Rules of Civil Procedure, which provide that a complaint "must contain … a short and plain statement of the claim showing that the pleader it entitled to relief." Fed. R. Civ. P. 8(a)(2).  *See Ogden v. San Juan Cty.*, 32 F.3d 452, 455 (10th Cir. 1994) ("[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure.")  Plaintiff's original complaint and his amended complaint do not come close to meeting that requirement.  They both contain so much extraneous material and so few allegations relevant to any claim against Trans Am Trucking Company that the court cannot discern from the complaint or amended complaint if Plaintiff might have a viable claim.

Under the circumstances, the court will dismiss Plaintiff's complaint and amended complaint without prejudice for failure to comply with Rule 8(a).  The court rejects Plaintiff's suggestion that his right to due process of law is violated by application of this rule or by the magistrate judge's recommendation that Plaintiff not be granted an extension of time to complete service until he files a complaint that complies with Rule 8(a).  (Doc. 11 at 2-4.)  Requiring Plaintiff to file a complaint that contains a short and plain statement of his claim does not deny him a right

to be heard.  On the contrary, the requirement furthers the right to a meaningful hearing of his claim.  Similarly unavailing is Plaintiff's objection that he did not consent to have a magistrate judge enter an order on his motion for extension of time to complete service and amend his complaint.  A magistrate judge, when so designated by a district judge, has authority without the parties' consent to rule on certain pretrial matters, including the non-dispositive motion ruled on by the magistrate judge in this instance.  28 U.S.C. § 636(b)(1)(A).  Moreover, the court has reviewed the magistrate judge's order and concludes it is not clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a) (upon objection to non-dispositive matter, district court must modify or set aside any part of magistrate judge's order that it clearly erroneous or contrary to law.)

### III. Conclusion

Plaintiff's motion to vacate the court's April 13 order and for recusal (Doc. 8) is DENIED. Plaintiff's motion to set aside the magistrate judge's May 23 order (Doc. 11) is likewise DENIED.

Plaintiff's complaint and amended complaint are hereby DISMISSED WITHOUT PREJUDICE for failure to comply with Fed. R. Civ. P. 8(a).  The court will withhold entry of judgment for a period of fourteen days after entry of this order.  If Plaintiff chooses to file another complaint, he must do so within that fourteen-day period and the complaint must comply with the Federal Rules of Civil Procedure, including Rule 8(a).  If Plaintiff does not timely file another complaint, a judgment of dismissal will be entered.   If Plaintiff timely files another complaint which again fails to comply with Rule 8(a), the complaint will be stricken and a judgment of dismissal will be entered without further notice.

IT IS SO ORDERED this 2nd day of June, 2022.

_____s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE